# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NANCY MCMANUS | * |
| v. | *     Civil Action No. CCB-18-1672 |
| TARGET CORPORATION | * |

## MEMORANDUM

Pending before the court are a motion for summary judgment and a consent motion to continue trial, both filed by defendant Target Corporation. For the reasons stated below, the court will grant the motion for summary judgment and will deny as moot the consent motion to continue trial.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Nancy McManus ("Ms. McManus") has claimed that defendant Target Corporation ("Target") negligently maintained its walkways, causing her to fall and sustain several injuries. On August 15, 2016, during a sunny summer afternoon, Plaintiff tripped and fell while walking towards the entrance of the Target store located at 7951 Nolpark Court, Glen Burnie, Maryland. Ms. McManus claimed that she fell headfirst onto the cement, ECF 26-3 at p. 5, resulting in a laceration around her mouth and a fracture in her right wrist, ECF 26-7 at p. 11, as well as a black eye and a bloody nose, ECF 26-3 at p. 5. Both at the time of the incident and throughout this matter, Ms. McManus has admitted that she does not know what caused her fall, but has maintained that, after she fell, she observed an uneven seam of concrete near where her fall originated. ECF 26-3 at pp. 7–9 ("My memory is not good on what caused me to fall"). Through a retained expert, Ms. McManus has identified nine separate "trip and fall hazards" around the area where she fell, specifically locations where the area's concrete surface height

differentials ranged from 0.25 inches to 0.75 inches. ECF 26-10 at p. 11.[1]

Following her fall, Ms. McManus received assistance from Target employees Andrew Davies and Daniel Thompson, the latter of whom observed Ms. McManus fall.[2] ECF 26-4 at p. 7. Mr. Thompson claimed that, though he was not sure, he believed Ms. McManus either slipped on the inclined pavement or tripped over her own feet. ECF 26-4 at p. 9. Later that day, Mr. Davies completed a "Team Member Witness Statement" form, on which he indicated that he was the first Target team member to respond to Ms. McManus's fall, and that Ms. McManus had told him she had "just slipped." ECF 21-5 at p. 2. A "Guest Incident Report" form completed by another Target employee reported that Ms. McManus said that she "tripped on the sidewalk," leading to her fall. ECF 26-2 at p. 3. Ms. McManus received emergency and follow-up medical treatment for the injuries she sustained from her fall.

On April 2, 2018, Ms. McManus initiated suit against Target in the Circuit Court for Anne Arundel County, claiming that she was an invitee on Target's property and that Target's negligence had caused her fall and resulting injuries. On June 7, 2018, the case was removed to this court. On February 15, 2019, Target filed its motion for summary judgment. The motion has been fully briefed and is ripe for the court's review.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party*

---

[1] Her sons, who were not with her when she fell, later visited the location and noted a discrepancy which one of them later measured as approximately one centimeter. ECF 21-8 at p. 8.

[2] Mr. Davies explained that he had not witnessed Ms. McManus's fall, recalling that "[s]omeone came in and informed me that someone had fallen outside." ECF 21-4 at p. 3.

*of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## ANALYSIS

Ms. McManus's sole cause of action is negligence based on premises liability. To succeed on a claim of negligence in Maryland, "a plaintiff must prove: (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 560 (D. Md. 2014) (internal citations and quotations marks omitted). "Under Maryland law, the liability of owners of real or personal property to an individual injured on their property is dependent on the standard of care owed to the individual and that in turn is contingent upon a determination of the individual's status while on the property[.]" *Hall v. Washington Metro. Transit Auth.*, 679 F. Supp. 2d 629, 632 (D. Md. 2010) (internal citations and quotation marks omitted). Further, "[t]here are

3

generally four classifications regarding the status of a person entering upon land: invitee, licensee by invitation, bare licensee, and trespasser." *Id.* (internal citation omitted).

Here, neither party has contested Ms. McManus's status as a business invitee on August 15, 2016, thereby satisfying the first factor by establishing that Target owed Ms. McManus the duty "to use reasonable and ordinary care to keep the premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover.'" *Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 538 (D. Md. 2018) (quoting *Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 560 (1989));[3] *see also Rybas*, 21 F. Supp. 3d at 561 (a landowner or occupier is required to employ "reasonable care to protect the invitee from injury caused by an unreasonable risk that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care." (citing *Casper*, 316 Md. at 582) (internal quotation marks and further citation omitted)). Further, the parties do not disagree regarding either the existence or the extent of Ms. McManus's injuries that resulted from her fall, satisfying the third negligence factor.

The parties, however, disagree regarding whether Target breached its duty of care and whether any such breach served as the proximate cause of Ms. McManus's accident. "The duties of a business invitor [] include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Rybas*, 21 F. Supp. 3d at 561 (citing *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997)). "An owner or occupier ordinarily has no duty to warn the invitee of open, obvious, and patent dangers." *Duncan-Bogley*, 356 F. Supp. 3d at 538 (citing *Casper*, 316 Md. at 582). Here, Target

---

[3] On January 14, 2019, plaintiff in the *Duncan-Bogley* matter filed an appeal with the Fourth Circuit. At the time of this opinion, that appeal remains pending.

4

argues that any unevenness of the concrete walkway was open and obvious and did not pose an unreasonable risk; thus, Target's failure to fix the uneven concrete did not constitute a breach of the duty it owed to Ms. McManus.[4]

The court agrees. As noted in *Duncan-Bogley*, "minor variations in ground surface generally do not amount to unreasonable risks because pedestrians customarily and ordinarily expect to encounter such variations in terrain." 356 F. Supp. 3d at 538 (internal citations omitted). The court concluded that, without additional complicating factors such as obstructed view, loose pavement, or the presence of snow or ice, a 0.75-inch height differential in a walkway was not a dangerous defect that posed an unreasonable risk to pedestrians which should give rise to tort liability. *Id.* at 539.

Further, *Duncan-Bogley* ruled that normal cracks, holes, and uneven pavement surfaces are open and obvious defects, and therefore are not the kinds of hazards against which landowners or occupiers must protect visitors. *Id.* at 539–40. When faced with open and obvious dangers, invitees are expected to exercise ordinary caution and judgment that will permit them to observe and avoid such dangers. *Id.* at 540 (internal citations and quotation marks omitted). As a result, invitees such as Ms. McManus are expected to traverse uneven or imperfect pavement while exercising ordinary caution and judgment, and the invitee's failure to do so does not result in tort liability on the part of the invitor. In so holding, *Duncan-Bogley* relied on a long line of authority

---

[4] In addition, the parties disagreed about whether Ms. McManus could establish causation at trial, given that Ms. McManus never has been able to identify the precise part of the concrete walkway which she claimed caused her fall, and instead has had to estimate the location and particular section of uneven pavement that resulted in her accident based upon video surveillance footage and her own imprecise memories of statements she made immediately after her fall. Target claimed that such evidence would be insufficient to establish causation. While the court shares Target's concerns regarding the sufficiency of Ms. McManus's evidence, it need not resolve this argument. Even assuming *arguendo* that Ms. McManus could prove that a specific height differential in the walkway caused her fall, the court's conclusion that the existence of the uneven pavement did not constitute a breach of Target's duty resolves this matter in its entirety.

5

which Ms. McManus unsuccessfully attempted to distinguish. *See Gellerman v. Shawan Rd. Hotel Ltd. P'Ship*, 5 F. Supp. 2d 351 (D. Md. 1998); *Schaefer v. United States*, No. PX-15-02690, 2017 WL 2506174 (D. Md. June 9, 2017); *Feldman v. NVR, Inc.*, No. GJH-14-0672, 2014 WL 6066022 (D. Md. Nov. 12, 2014); *see also Coleman v. United States*, 369 Fed. App'x 459 (4th Cir. 2010), *Sampson v. United States*, No. DKC 15-0243, 2017 WL 3022971 (D. Md. July 17, 2017).[5]

Ms. McManus asserted that the uneven pavement was not open and obvious, and therefore that Target had breached its duty when it failed to account for the pavement's condition. In support of her argument, Ms. McManus cited to Target's weekly inspections of its exterior walkways, and she noted that the inspections immediately preceding and following her fall recorded no hazards and found the walkways safe to use.

This analysis conflates the standard of care Target was required to exercise with the judgment Ms. McManus should have employed when visiting Target. That Target employees did not find the uneven pavement to be a hazard does not mean that the pavement's condition posed an unreasonable risk or that any height discrepancy was not open and obvious. To the contrary, given that Target employees regularly inspected the walkway, including days prior to and after Ms. McManus's fall, and found no hazards, it appears that Target had exercised the reasonable care required of it by law. If there was any hidden defect in the sidewalk, Ms. McManus would have to show that Target was on actual or constructive notice of that defect. *See, e.g., Rybas*, 21 F. Supp. 3d at 562 ("the burden is on the customer to produce evidence that the storekeeper created the dangerous condition or had actual or constructive knowledge of its existence") (internal citations and quotation marks omitted); *Maans v. Giant of Md., LLC*, 161 Md. App. 620, 627–28 (2005) ("the burden is upon the customer to show that the proprietor created the dangerous

---

[5] Unpublished cases are cited for the soundness of their reasoning, not for any precedential value.

condition or had actual or constructive knowledge of its existence prior to the invitee's injury") (internal citations and quotation marks omitted). No such evidence has been offered.

Regrettably, sidewalk imperfections are a part of ordinary life. At times they may cause someone to fall, and the result may be merely an unfortunate accident rather than a tortious breach of duty. Such is the case here, and for that reason, the court will grant the motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the court will grant Target's motion for summary judgment, and therefore also will deny as moot the parties' request to continue trial. A separate order follows.

___4/17/19___  
Date

___CCB___  
Catherine C. Blake  
United States District Judge